**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | CRIMINAL ACTION |
| v. | ) ) | No. 97-20033-01-KHV |
| BILLY WAYNE WHITE, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

On October 27, 1997, the Court sentenced defendant to 140 months in prison. On December 28, 2009, the Court revoked defendant's supervised release and imposed a sentence of 46 months in prison. This matter is before the Court on defendant's letter (Doc. #86), which the Court construes as a motion to modify sentence under 18 U.S.C. § 3582(c)(2), filed January 17, 2012. For reasons stated below, the Court overrules defendant's motion

Under 18 U.S.C. § 3582(c)(2), a district court has authority to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that the United States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o) "if such a reduction is consistent with applicable policy statements issued by the Commission." 18 U.S.C. § 3582(c)(2). Defendant apparently argues that his sentence upon revocation of supervised release is part of his sentence for the underlying offense. The Tenth Circuit, however, has noted that retroactive amendments which lower the sentencing range for the underlying offense have no bearing on defendant's prison term imposed for violation of the terms of supervised release. United States v. Fontenot, 583 F.3d 743, 744 (10th Cir. 2009). A term of imprisonment on revocation of supervised release is based on noncompliance with the terms of supervised release, not on the drug

quantity table set forth at U.S.S.G. § 2D1.1(c).  Id.  Moreover, a sentence reduction is not consistent with the relevant policy statement issued by the Sentencing Commission, which clarifies that Section 3582(c)(2) "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, cmt. n.4A.  The Court therefore overrules defendant's request for relief based on the retroactive amendment regarding offenses involving crack cocaine.

Likewise, defendant is not entitled to relief under 18 U.S.C. § 3585(b) which gives a defendant "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed."  A district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are made by the Attorney General through the Bureau of Prisons.  United States v. Wilson, 503 U.S. 329, 333-35 (1992); United States v. French, 297 Fed. Appx. 333, 334 (5th Cir. 2008); see United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (although Section 3585(b) calls for defendant to receive credit for time served, calculation of sentence left to BOP and not sentencing court).  Before seeking judicial review of credits under Section 3585(b), prisoners must exhaust administrative remedies. See French, 297 Fed. Appx. at 334; Buchanan v. U.S. Bureau of Prisons, 133 Fed. Appx. 465, 467 (10th Cir. May 18, 2005); see also Sandefur v. Pugh, 189 F.3d 478, 1999 WL 679685, at *1 (10th Cir. Sept. 1, 1999) (federal inmate must exhaust administrative remedies before seeking review of complaints relating to aspects of imprisonment such as computation of sentence).  In any event, even if defendant had served additional time on his original sentence, he is not entitled to "bank" that time

as a credit against future prison terms for violations of supervised release.  See generally United States v. Johnson, 529 U.S. 53, 54 (2000) ("excess prison time" served by defendant on invalidated criminal convictions cannot be credited to reduce length of supervised release period).

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #86), which the Court construes as a motion to modify sentence under 18 U.S.C. § 3582(c)(2), filed January 17, 2012 be and hereby is **OVERRULED**.

Dated this 12th day of March, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge